UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK THRONEBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19 CV 1720 RWS |
| ) | |
| CHARTER COMMUNICATIONS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff seeks to dismiss his remaining claims against defendant Charter without prejudice.[1] Charter opposes a dismissal without prejudice, arguing that it has already been subject to numerous lawsuits filed by plaintiff's counsel (not plaintiff). Plaintiff and Charter have not served discovery on each other in this case, and the scheduling conference in this matter has yet to take place.

Where, as here, a defendant has filed an answer, absent a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court's decision to grant a plaintiff's motion for dismissal without prejudice pursuant to Rule 41(a)(2) is reviewed for abuse of discretion. *Mullen v. Heinkel*

---

[1] Several of plaintiff's claims against defendant Charter were previously dismissed by this Court in a Memorandum and Order dated October 10, 2019. [Doc. #32]. Plaintiff also dismissed his claims against defendant Valassis Communications, Inc. [Doc. 32].

*Filtering Sys., Inc.*, 770 F.3d 724, 727 (8th Cir. 2014). "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way." *Kern v. TXO Production Corp.*, 738 F.2d 968, 971 (8th Cir. 1984). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id.* However, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Mullen*, 770 F.3d at 728 (internal quotation marks and citation omitted).

"When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen*, 770 F.3d at 728 (internal quotation marks and citation omitted); *see also Paulucci*, 826 F.2d at 783 (courts consider "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant."). "The time and effort

invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." *Kern*, 738 F.2d at 972. "Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" *Mullen*, 770 F.3d at 728 (quoting *Kern*, 738 F.2d at 970). "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice," nor does the loss of a "tactical advantage." *Mullen*, 770 F.3d at 728.

Although plaintiff does not state the reason for his requested dismissal, given the early stage of proceedings and Charter's admission that it "is unaware of any substantial right that it would lose by virtue of its dismissal," [Doc. # 35 at 4], the Court upon due consideration concludes that the motion to dismiss should be granted. Charter's main complaint is that it might get sued again by plaintiff's counsel. The Court concludes that the prospect of future litigation by plaintiff's attorney is not an appropriate basis to deny plaintiff's request for dismissal, nor does the fact that plaintiff might refile his lawsuit constitute legal prejudice to Charter which justifies the denial of the motion.² Where a defendant has not made

---

² Charter also argues that a dismissal without prejudice would leave plaintiff free to reassert claims previously dismissed by this Court in its Memorandum and Order dated October 10, 2019. "An evaluation of the res judicata effects normally would not be part of the Rule 41(a)(2) analysis . . . ." *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 161 (1st Cir. 2000). Moreover, this Court's Memorandum and Order would remain persuasive authority in such a situation.

"the requisite showing of prejudice," the district court has "broad discretion to grant or deny [the] motion and [is] free to consider the full range of factors relevant to the exercise of that discretion." *Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993). After careful consideration of all the relevant factors, the Court will grant plaintiff's motion for voluntary dismissal without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for voluntary dismissal [34] is granted, and plaintiff's claims against defendant Charter Communications, Inc. are dismissed without prejudice.

A separate Order of Dismissal is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2020.